IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Whitefield, | ) C/A No. 0:10-2730-HFF-PJG |
| Plaintiff, | ) |
| vs. | ) |
| Case Maniger, Mrs. L. Brown;<br>Warden D. Drew;<br>Harley Lappin, Federal Bureau of Prisons Director, | ) **ORDER** |
| Defendants. | ) |

    This is a civil action filed by a federal prisoner. Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

    By Order issued on March 1, 2011, Plaintiff was given a specific time frame in which to bring this case into proper form. Plaintiff has complied with the Court's Order, and this case is now in proper form.

**PAYMENT OF THE FILING FEE:**

    By filing this case, Plaintiff has incurred a debt to the United States of America in the amount of $350. See 28 U.S.C. § 1914. This debt is not dischargeable in the event Plaintiff seeks relief under the bankruptcy provisions of the United States Code. See 11 U.S.C. § 523(a)(17). The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), permits a prisoner to file a civil action without **pre**payment of fees or security, but requires the prisoner "to pay the full amount of the filing fee" as funds are available. See 28 U.S.C. § 1915(a), (b). **The agency having custody of Plaintiff shall collect payments from Plaintiff's prisoner trust account in accordance with 28 U.S.C. § 1915(b)(1) and (2), until the full filing fee is paid.** See Torres v. O'Quinn, 612 F.3d 237, 252 (4th Cir. 2010) ("We hold that 28 U.S.C. § 1915(b)(2) caps the amount of funds that may be withdrawn from an inmate's trust account at a maximum of twenty percent *regardless of the number of cases or appeals the inmate has filed*.") (emphasis in original).

PJG

**TO THE CLERK OF COURT:**

Documents submitted by Plaintiff in response to the Court's Order clarify that he intended to name "Federal Bureau of Prisons Director 'Harley Lappin,'" rather than the "B.O.P." as a Defendant in this case. (ECF No. 23.) The Clerk of Court is directed to adjust the docket to reflect the additional identifying information for this Defendant.

This case is subject to summary dismissal based on an initial screening conducted pursuant to 28 U.S.C. §1915 and/or 28 U.S.C. § 1915A. Therefore, the Clerk of Court shall ***not*** issue the summonses or forward this matter to the United States Marshal for service of process at this time.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 18, 2011
Columbia, South Carolina