IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Whitefield,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Case Maniger, Mrs. L. Brown; Warden D. Drew;<br>Harley Lappin, Federal Bureau of Prisons Director,<br><br>　　　　　　Defendants.<br>_____ | C/A No. 0:10-2730-HFF-PJG<br><br>**REPORT AND<br>RECOMMENDATION** |

The Plaintiff, William Whitefield ("Plaintiff"), a self-represented federal prisoner, brings this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at Federal Correctional Institution ("FCI") Bennettsville, a facility of the Federal Bureau of Prisons (BOP) and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names BOP employees as Defendants.[1] Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134,

---

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating

---

[2] Screening pursuant to § 1915A is subject to this standard as well.

a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

The Complaint states that, on June 11, 2010, Plaintiff was sanctioned by Defendant Case Manager Mrs. L. Brown for arriving late to "callout." (ECF No. 1 at 3.) Plaintiff alleges that he was unaware of the callout because no schedule had been posted "the previous night, nor the morning before work call." (Id.) Plaintiff learned of the team callout meeting from another inmate, who had finished callout "seconds" before Plaintiff arrived in the unit. (Id.) Defendant Brown allegedly refused to see Plaintiff or allow him to explain his tardiness. (Id.) Defendant Brown also imposed a "shot" or sanction against Plaintiff, which resulted in a thirty-day loss of commissary privileges. (ECF No. 1-4 at 16.)



The Complaint alleges that Defendant Brown "abused her discretion and discriminated against [Plaintiff]" resulting in his being "prejudiced" with an "unjust" sanction/shot. (ECF No. 1 at 3.) Plaintiff states that, due to the lack of notice regarding the team callout, the majority of the inmates were unaware of the meeting and "only a few did not get shots (san[c]tions)" on June 11, 2010. (Id.)

Plaintiff appealed Defendant Brown's imposition of sanctions by presenting "a claim to the Warden [Defendant D. Drew] about such issue," which was ultimately returned to Plaintiff for failure to provide a copy of the incident report. (ECF No. 1-1 at 1.) However, Plaintiff alleges that the incident report was attached to the grievance, thus, he believes his "claim was tampered with." (Id.) Plaintiff attempted to exhaust his grievance by "going all the way to Washington D.C.," then "made an additional attempt with the Warden 9/7/10." (Id.) Plaintiff states that his claim was submitted to the "Director of Washington D.C. [Bureau of Prisons Director Harley Lappin] as well dated 6/30/10'. (Id. at 2.) Plaintiff seeks monetary damages and injunctive relief. (Id.; ECF No. 1 at 4.)

## DISCUSSION

Plaintiff is bringing suit against federal employees. As such, his constitutional claims are evaluated under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. Carlson v. Green, 446 U.S. 14,18 (1980); see also Holly v. Scott, 434 F.3d 287, 289 (4th Cir. 2006). A Bivens claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983; therefore, caselaw involving § 1983 claims is applicable in Bivens actions, and vice versa. See Harlow v. Fitzgerald, 457 U.S. 800, 814-20, n. 30 (1982); see also



Farmer v. Brennan, 511 U.S. 825 (1994); Bolin v. Story, 225 F.3d 1234, 1241-42 (11th Cir. 2000); Campbell v. Civil Air Patrol, 131 F. Supp. 2d 1303, 1310, n. 8 (M.D. Ala. 2001) ("the court shall refer interchangeably to cases" decided under both § 1983 and Bivens.") .

The Complaint names Defendant Brown for unjustly imposing sanctions against Plaintiff for his being tardy to a team callout, about which he allegedly had no notice. Plaintiff states that this lack of notice regarding the callout resulted in several inmates being sanctioned on June 11, 2010.  (ECF No. 1 at 3; ECF No. 1-4 at 9.)   Plaintiff claims Defendant Brown's actions were discriminatory, showed favoritism, and caused Plaintiff to be prejudiced with a blemish on his formerly clean record. (Id.)  Although Plaintiff uses the term "deliberate indifference" in the Complaint, it appears he is actually alleging that Defendant Brown violated his right to equal protection under the Fourteenth Amendment.

"The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (internal quotation marks and alteration omitted).  Thus, the Supreme Court has recognized the validity of "class of one" Equal Protection claims, "where the plaintiff alleges that she [or he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Id.; see also Willis v. Town of Marshall, N.C., 426 F.3d 251, 263 (4th Cir. 2005).  The instant Complaint clearly alleges that Defendant Brown intentionally acted in a discriminatory manner toward Plaintiff. However, Plaintiff fails to demonstrate that he was "treated differently from others similarly situated."  Instead, Plaintiff explains throughout the pleadings that all but a few inmates

were sanctioned for being tardy on June 11, 2010, due to their lack of notice regarding the team callout.  Additionally, Plaintiff fails to show "that there is no rational basis for the difference in treatment" between the inmates sanctioned for arriving late to callout and the "few" inmates that escaped sanctions by apparently arriving on time.  As the Complaint fails to allege that Defendant Brown treated Plaintiff differently from the other similarly situated inmates, or demonstrate that Defendant Brown's actions in sanctioning Plaintiff for being late had "no rational basis," his claims against this defendant must fail.

Liberally construed, the Complaint could also be alleging due process violations by Defendant Brown associated with her imposition of sanctions against Plaintiff.  In order to prevail on a due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action.  <u>Beverati v. Smith</u>, 120 F.3d 500, 502 (4th Cir. 1997).  When the punishment does not cause the original sentence to be enhanced, protected interests will be generally limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. <u>Sandin v. Conner</u>, 515 U.S. 472 (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation in which a state might create a liberty interest).

In the case *sub judice*, Plaintiff has made no allegations or representations to the Court that he lost any good-time credits as a result of the disciplinary action, or that his disciplinary conviction resulted in an increase in the sentence imposed.  Nor does Plaintiff allege that the disciplinary conviction imposed an atypical or significant hardship.  Instead, Plaintiff provides a copy of his incident report, which lists the loss of commissary privileges as the sole punishment imposed. (ECF No. 1-4 at 16.)  As canteen or commissary access

is not a protected liberty interest, Plaintiff has failed to show that Defendant Brown's actions enhanced Plaintiff's sentence in such a way as to implicate a protected liberty interest, and give rise to the protection of the Due Process Clause by its own force. See, e.g., Beverati, 120 F.3d at 502; see also Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (holding that commissary restrictions did not entitle inmate to due process protections during disciplinary proceeding); Pierre v. Ozmint, C/A No. 3:09-226-CMC-JRM, 2010 WL 679946 at *7 (D.S.C. Feb. 24, 2010) ("canteen access is [ ] not a protected liberty interest"); Bennett v. Cannon, C/A No. 2:05-2634-GR, 2006 WL 2345983, at *2 (D.S.C. Aug. 10, 2006) ("[t]here is simply no freestanding constitutional right to canteen privileges at all."). As Plaintiff fails to show a violation of his constitutional rights by Defendant Brown, this Defendant is entitled to summary dismissal from the instant case.

Plaintiff next complains that Defendant Warden D. Drew and Federal Bureau of Prisons Director Harley Lappin failed to properly handle Plaintiff's institutional grievances. However, inmates have no constitutionally protected right to a grievance procedure. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Daye v. Rubenstein, No. 10-6938, 2011 WL 917248 at *2 (4th Cir. March 17, 2011); see also Blagman v. White, 112 F. Supp. 2d 534, 542 (W.D. Va. 2000) (inmate has no constitutional entitlement to grievance procedure); Ashann-Ra v. Commonwealth of Virginia, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."). Therefore, Plaintiff's claims against Defendants Drew and Lappin for failure to process Plaintiff's grievances are not cognizable under 42 U.S.C. § 1983 and/or Bivens. As such Defendants Drew and Lappin are entitled to summary dismissal from this action.

PJG

**RECOMMENDATION**

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance of service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 18, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).