IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| William Whitefield, ) | |
| ) | C/A No. 0:10–2730-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| Case Manager Mrs. L. Brown; ) | |
| Warden D. Drew; and BOP ) | |
| Director Harley Lappinn, ) | |
| ) | |
| Defendants. ) | |

William Whitefield ("Plaintiff"), a federal prisoner proceeding pro se, filed this action pursuant to *Bidens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Magistrate Judge's Report and Recommendation, filed on April 18, 2011, recommended that this case be dismissed without prejudice and without issuance and service of process. (Dkt. # 29). No objections were filed and the court adopted the Report on October 19, 2011. (Dkt. # 34). The case was subsequently closed. However, on October 27, 2011, Plaintiff filed a Motion to Reconsider (Dkt # 38) contending he never received the Report and Recommendation which the court granted (Dkt. # 39). Plaintiff thereafter filed objections on November 9, 2011. (Dkt. # 43).

The court is charged with making a de novo determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life*

*& Accident Ins. Co.*, 416 F.3d 310 (4th Cir.2005) stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ' (quoting Fed.R.Civ.P. 72 advisory committee's note). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

As noted above, Plaintiff has now filed objections to the Report which the court has carefully reviewed. However, they provide no basis for this court to deviate from the Magistrate Judge's recommended disposition.

In his complaint, Plaintiff alleges his constitutional rights were violated in regard to a disciplinary proceeding. Inmates have a right to be free of arbitrary punishment. *Howard v. Smyth*, 365 F.2d 428 (4th Cir.1966). However, their constitutional protections are limited. In order for Plaintiff to prevail on his due process claim, he must show that his punishment was not "within the normal limits or range of custody which the conviction has authorized the [BOP] to impose." *Sandin v. Conner*, 515 U.S. 472, 478 (1995) (*quoting Meachum v. Fano*, 427 U.S. 215, 225 (1976)). In certain circumstances, such as when an inmate is faced with loss of statutory good-time credits or solitary confinement, some additional protections may be available. *Wolff v. McDonnell*, 418 U.S. 539, 564-71 (1974) (holding that inmates subject to disciplinary hearings where they may lose good time credits are entitled to advanced written notice, right to confront and cross-examine witnesses a neutral detached hearing body; and written findings of facts).

Here, as the Magistrate Judge noted, Plaintiff has not alleged any loss of good time credits. In his objections, while Plaintiff acknowledges he has not lost any good time credits, he contends the sanctions which were imposed prejudiced him, caused him to be placed in a different custody level, and may effect his good time credits in the

future. (Objections at 2). An inmate has no constitutional right to any particular custody level, *Olim v. Wakinekona,* 461 U.S. 238, 245–46 (1983), and any such future loss of good time credit at this point is purely speculative and cannot provide a basis for Plaintiff's *Bivens* claim.

Accordingly, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court finds Plaintiff's objections are without merit. Accordingly, the court adopts the Report and incorporates it herein. It is therefore **ORDERED** that the Complaint is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Greenville, South Carolina
November 21, 2011

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.